**WO**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

UNITED STATES OF AMERICA

v.                                                    ***ORDER OF DETENTION PENDING TRIAL***

_____Angelica Lucia Aguilar_____                Case Number:  __10-05922M-001__

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts are established:        *(Check one or both, as applicable.)*

☒        by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒        by a preponderance of the evidence the defendant is a serious flight risk and require the detention of the defendant pending trial in this case.

### PART I -- FINDINGS OF FACT

☐        (1)    The defendant has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        ☐        a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        ☐        an offense for which the maximum sentence is life imprisonment or death.

        ☐        an offense for which a maximum term of imprisonment of ten years or more is prescribed in

        _____[1]

        ☐        a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐        (2)    The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

☐        (3)    A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding 1.

☐        (4)    Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings

☒        (1)    There is probable cause to believe that the defendant has committed an offense

        ☒        for which a maximum term of imprisonment of ten years or more is prescribed in __21 USC 841, 21 USC 952, 960, 963__[2]

        ☐        under 18 U.S.C. § 924(c)

☒        (2)    The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒        (1)    There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐        (2)    No condition or combination of conditions will reasonably assure the safety of others and the community.

☐        (3)    There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐        (4)    _____

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).
[2]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☒    (1)    I find that the credible testimony and information[3] submitted at the hearing establishes by clear and convincing evidence as to danger that:

        Defendant was apprehended at the border in a vehicle containing 15.8 Kilograms of heroin,  27.45 Kilograms of cocaine and 9.3 Kilograms of Methamphetamine.  She admitted trying to cross cocaine for $5000. Her sister drove the vehicle and were accompanied by the sister's nine year old son. The defendant admitted to having arranged for a nephew to register the vehicle a few days before in the sister's name and did not tell her sister that she would be transporting the drugs.

    (2)    I find that a preponderance of the evidence as to risk of flight that:

☐    The defendant has no significant contacts in the District of Arizona.

☒    The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

☐    The defendant has a prior criminal history.

☐    There is a record of prior failure to appear in court as ordered.

☐    The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

☒    The defendant is facing a minimum mandatory of ___10 years__ incarceration and a maximum of Life imprisonment..

☒    In addition:

        The defendant admitted to the agent that she was planning (prior to her arrest) to move to Mexico and take her children with her to live there.  Her boyfriend, with whom she has had a five year relationship, resides in Mexico and the County Probation Officer who supervises her oldest son said that the son was home alone most of the time because his mother traveled to Mexico all the time to visit her boyfriend.  The boyfriend has no legal status that would allow him to enter the US. If convicted, because of the large quantity of drugs involved, and the weight of the evidence is substantial, even after receiving safety valve consideration, the defendant is facing many years in prison.  The defendant has minimal financial ties to the community.

The Court incorporates by reference the findings of the Pretrial Services Agency which were reviewed by the Court at the time of the hearing in this matter.

---

[3] "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  See 18 U.S.C. § 3142(g) for the factors to be taken into account.

**PART III -- DIRECTIONS REGARDING DETENTION**

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**PART IV -- APPEALS AND THIRD PARTY RELEASE**

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATE:   September 22, 2010

Jay R. Irwin
United States Magistrate Judge